Go ahead and state your name, who you represent, and how much time you want to reserve for rebuttal. J. James Lee for Quintara Biosciences Appellant. I reserve five minutes. Okay. Well, watch the clock. It's up to you to keep that time. So, in this case, Quintara did not get a fair trial because the opposing counsel, Reshma Kamas, she had this outlandish style of trial, rarely seen in this country. And the major damage she did to the trial was through her opening statement based on a set of slides. The slides were spread upon Quintara on the first day of trial without being disclosed beforehand as required. And the contents of the slides were really highly prejudicial to Quintara and to his two key witnesses, Dr. Richard Shen and Dr. Su Zhao. Didn't your client agree in some form to the slides? No. We never seen the slides until the slides were shown to the jury. So, before the trial started, there was a post board. Post board has one line, has Bonnie and Clyde. And so, we agreed to let her use that one post board. But then, when she started her opening, projected on the screen, and we realized she had a whole set of slides, never disclosed to us. We object that the district court allowed it. Mr. Li, I wonder if I could take you to the discovery in the Rule 12 issues. What distinguishes this case, in your view, from IntelliClear, where we seem to read that you're, I understand you're complaining that the district court erred in applying a CUTSA discovery standard in a case that involved only federal trade secret claims. In IntelliClear, we seem to suggest that, at least in a case with both of those claims, that the district court was correct in looking at the particularity of the trade secret claims. Why doesn't IntelliClear control here? Because this case, we only have a federal claim. There's no state court trade secret claim. And so, the federal law should govern here. And also, there's an issue of the purpose of the federal rules to bring about the uniformity across the nation. If, let's say, there's no dispute that seven trade secret claims met the pleading standard, but yet the judge dismissed it for lack of particularity based on 19-10. So, if this case was filed in a different state, has no equivalent of 20-19-2-10, it would not be dismissed because they met the pleading standard. That's undisputed. So, if there is a state law case, of course, the judge should look at the state law 20-19-2-10. But there's no such case. Even in a state law case under Erie, if the state law is procedural and or conflicts with the federal rules, again, the state law would have to give way even in a diversity case, right? You're absolutely right. And this is not even a diversity case. This is a federal question case. Do you understand, in looking through the orders, I think the district court references both Rule 12 and Rule 16. Assuming that it was not supported under Rule 12 for the moment, doesn't a district court have inherent authority to manage pretrial proceedings under Rule 16? And wasn't the district court authorized to draw on California's expertise in these things to impose this? Yes, but not to the extent of altering the pleading standard. And that's a problem here. There's no dispute our pleadings met the standard, but then he dismissed it. So that's like allowing the district court to circumvent the pleading standard by the name of managing discovery. Well, what if it were framed simply as managing discovery? It said, well, you know, trade secrets, for obvious reasons, are discovery in trade secrets cases is a sensitive matter. Let's bring in and do a protective order. Let's sequence discovery so we don't have any fishing expeditions. Would the district court have been able to invoke something that, and I think this is what the district court said it was doing, something like the California standard as inspiration for its own case management of discovery in this case to address those concerns of trade secret discovery? Yes, Your Honor. Look, we look at an order not by its label, by its substance. Here, the order is not about sequencing. It's not a time, place of discovery. It's outright deny discovery and deny a place in the case, all the seven claims. So that's different, very different from managing discovery, managing the time, place, sequence. Here is outright deny, and that's basically, it's like dismissing the suit. Okay. Let's assume your case reached summary judgment on those seven claims. Under IntelliClear, would the district court have been correct, then, on the merits inquiry of asking about the reasonable particularity? In other words, do you concede that you'd have an obligation at the summary judgment stage in order to establish a genuine dispute of material fact to say that these are reasonably particular trade secret claims under the IntelliClear standard? Yes. Under IntelliClear, that's a diversity case, Your Honor. Well, but it was, I think, as I understood it, it denied the Rule 56 motion as to both the state and the federal claims, right? It involved both federal and state trade secret claims. Correct, yeah. So even in that case, the outcome is still denying. And whether apply 2019-2010 or not, the outcome is the same in that case. And so that case does not mandate any affirmation of this decision. The case really is quite different from the current case. The current case, the court dismissed seven trade secret claims despite the fact there's no dispute. All seven claims met the pleading standard. So this is like allowing the court to circumvent the pleading standard by the name of managing discovery. That should not be allowed. And to allow that is to defeat the purpose of federal rule of bringing about uniformity across the nation. So can I go back to the other issue, the new trial issue? Yeah, going back to that issue, assuming that you have prejudice, didn't the judge cure the prejudice when he told the jury, in effect, and I'm assuming there was an instruction, similar instruction, when he told the jury that nothing that they're hearing in opening statements is evidence. Yes, but that instruction alone cannot cure the prejudice was brought upon our case. Wasn't there some agreement as to the use of some documents before trial in opening and it could be used in opening and closing statements? Yeah, like I just stated, there was a poster board. And so that we agreed you could use a post board. But then when she started presenting her opening and this whole new set of slides, it never disclosed to us we objected and the judge denied the objection. So the bottom line, there's no agreement to use the set of slides. The slides compared our clients to major witnesses, to Bonnie and Clyde, and it was graphical depictions. And those slides, I think, irreparably damaged the credibility. Would it have been okay for counsel to have shown that slide to the jury in closing argument? Even in closing, some are not okay. For example, she presented her own online research, many pages of that, presented and masqueraded those as facts to the jury. Those are not allowed even for closing argument. It's pure argument, inappropriate argument outside the bounds of propriety and a good face. And also, this is not about whether her words are evidence. This is about her inflame the jury. She also threatened the jury for the danger from Dr. Shen and Dr. Zhao as a modern day Bonnie and Clyde. And she also presented a series of legal arguments in the format of a closing argument. First, she instructed a jury of the law. Then she then do the application of the law. And that part probably okay in the closing, but certainly not okay in the opening. And normally, the judge gave the jury instruction at the end of the trial, but she took it upon herself to instruct the jury and then use those self-made law to apply the facts. So those series of legal arguments seriously damaged our case and poisoned the jury's mind before the evidential process even started. That's a problem, Your Honor. Well, Counsel, it looks like we're down into the time you want to reserve for rebuttal. Would you like to reserve your time? Make sure my colleagues don't have any additional questions at this time. Thank you. Okay. Thank you. Good morning, Your Honor. May it please the Court. I am Nisif Hora. I will be left with the appellee, Your Honor. So from the get-go, Your Honor, I'd like to address the issue regarding the prejudicial effect of the Bonnie and Clyde reference. So, and I think, based on the record, there is some form of a stipulation, Your Honor. And if I may, by the way, Your Honor, the opening argument was done on day one, and they only filed the motion for mistrial on day two. They should have filed, they should have complained about the prejudicial effect as soon as after the conclusion of the opening argument was on day one. In fact, the judge went on to — sorry, the district court judge went on to comment that you should also address why you waited so long, why you didn't ask for a curative instruction. So this is day two when they filed the motion for mistrial. And then the district court went on to say that — so I think that was — this is a direct quote. So I think that was that set of problems got swept away in a stipulation. So there was a stipulation by parties to allow the slides of Bonnie and Clyde by the previous counsel of this case, Your Honor. Other than that, Your Honor, I think there's also no prejudicial effect as to the Bonnie and Clyde reference. As to the issue of the motion to strike the trade secrets, Your Honor, so I believe there is no grave abuse of discretion on the part of the district court. They properly applied the State substantive law pursuant to the Erie Doctrine. And the — I believe it's irrelevant, Your Honor. That's not one of the grounds. Redundant, Your Honor. Scandalous. Okay. And by the way, Your Honor, let me point out that the unanimous jury verdict ruled that they have no oversight over the case. So the first element of trade secret, which is ownership of trade secret, they already failed in meeting the threshold requirement. So if they failed in that threshold requirement of ownership, what right can appellant have in complaining whether or not the judge committed grave abuse of discretion in managing discovery? Did they ever get discovery on the seven claims? I mean, this was struck before. Usually we wouldn't take a jury verdict on some claims and believe it resolves other claims that never got to discovery. Correct, Your Honor. There were only two trade secrets that were raised on trial, Your Honor. The other trade secrets were stricken off the records by the trial court judge. But it is noteworthy that the jury ruled that they never owed any trade secret at all, Your Honor. And the jury has reasonable evidence to support that conclusion based on the jury instruction, Your Honor. So I would argue that that goes for all the other trade secrets as well, because they are tightly knit with each other, Your Honor. And they're basically interlapping, the trade secrets, seven to nine other trade secrets. They're interlapping with the one that is untried, which is the customer profile database. Well, some of the trade secrets seem to be more technological, biological, about processes, scientific processes. It seems like it might be a stretch to suggest that a jury verdict with respect to customer information would necessitate or cure any error made earlier on with respect to a lack of being allowed to proceed on these scientific processes. So I think, Your Honor, that the district did not commit grave abuse of discretion in striking out those trade secrets. The underlying principle of that is basically is to avoid the filing of frivolous trade secrets. It is to avoid a situation of – That's a principle that's in State law, right? Correct, Your Honor. The reason of particularity requirement, Your Honor, please. Do you contend that the district court had authority to apply State procedural law in a Federal subject matter jurisdiction case? Absolutely, Your Honor. I think that's what the trial court did. In fact, it's part of the discovery – the discretion of the court to manage discovery, the sequencing of the discovery, Your Honor. So I think the court sort of mentioned the shifting stance theory wherein the plaintiff should not be allowed to retroactively amend the complaint to conform to whatever is yielded during the discovery, Your Honor. So that is the evil that is trying to be avoided. I think we have cases in other areas, such as the California anti-SLAPP rule, where you've rejected the application of any State pleading rules. In that case, a bar on amendment to even State claims. So I guess I'm not sure what's the handle here to bring in a law that is not at issue in a procedural posture. It's not even an eerie question because this is in diversity jurisdiction. On what authority does the district court have to apply State procedural law? So I think, Your Honor, it is correct that there are some district court cases which does not support our position, but there are also other district court cases which allow the striking out of trade complaints. In pure Federal trade secret claim cases? I believe so, Your Honor. I believe so, Your Honor. There are. Any of those? I believe the open AI case, Your Honor. So I think that also involves the Federal Defend Trade Secrets Act, Your Honor, the open AI case, Your Honor. So I believe that the district court has broad powers, Your Honor, to strike out trade secrets which do not conform with the reasonable particularity requirement. And again, this is a broad discretion clothed with a trial court, Your Honor. And for you to – for the other party to ascribe grave abuse of discretion, I don't think they could meet that standard of grave abuse of discretion. Were there – I'm sorry, Judge. No, I defer to my district counsel. So what happened here, as I understand it, utilizing Rule 12-F, a motion to strike, utilizing Rule 16, which is – we all know what Rule 16 is. I deal with it every day. The judge dismissed seven out of nine of the trade secret claims before there's any discovery, before anything has happened in the case whatsoever, correct? That's what he did. I think there was initial discovery. It's just that the trade disclosure – Well, you've got Rule 16 disclosures. So you've got some disclosures. There were disclosures, yes, Your Honor. That doesn't strike you as being a little extreme? I don't think so, Your Honor. So I think the district court correctly applied the reasonable particularity requirement of Section 2019-2110, Your Honor. And this is supported by several district court decisions that swarmify, Your Honor, that – the swarmify case that, if I may just quote, Your Honor, that consistent with this approach, judges in our district face this. This is a Northern District of California thing that they do where they utilize the State statute – State law to sort of like screen these trade secrets claims? Is that what's going on here? At the get-go before there's even been any action at all in the case. So I believe there are district court cases which support that case, Your Honor.  And my position is if the district court supports or anchors his decision on those other cases, I don't think there is grave abuse of discretion on that part, Your Honor. But you concede swarmify is a pure CUTSA case. It's a diversity jurisdiction case. Yes, Your Honor. Right? And even if it's a diversity jurisdiction case, we'd have to ask ourselves whether it's consistent with eerie to apply the procedural law. But this isn't a diversity case. So how could we rely on cases that involve CUTSA claims when the plaintiff here chose not to bring a CUTSA claim? So I think this supports the theory, Your Honor, of the broad powers of the district court in managing discovery. And if they take inspiration from the California substantive law, then they are not at all in error in doing that, Your Honor. Did the district court – so there's one thing in terms of managing discovery. There's another thing, as Judge Christensen has pointed out, in dismissing claims. Did the district court make any findings that we usually require for dismissal under either Rule 16 or Rule 37 before dismissing these claims? So I think the ruling of the district court is it failed the reasonable particularity requirement, Your Honor. Which is a state law test, not our test for what it takes to dismiss a case for discovery. It invokes Section 2019, Your Honor, of the California district court. And your view is that that's sufficient to dismiss federal claims before the federal court. Yes, for deficient disclosures, Your Honor. Yes, correct, Your Honor.  Thank you. All right. If you have no further argument, we'll allow your counsel on the other side to use this rebuttal time. Thank you, Your Honor. Thank you. I want to answer some questions that were not answered. First, about the timing. So why we did not raise it right there, right on that day from this trial. And we were asking – because we've never seen that before. We don't have a copy of the slides. We're asking the opposing counsel to give us a copy of a slide. She refused. And so next day, she still refused, and we made the motion. And the judge then ordered her to give us a copy. So that's the reason for that timing. And Your Honor asked which elements of Rule 12 applies. At the beginning, the judge invited the other side to file a motion to strike, basically under Rule 12-F. But we presented a case called Whittlestone of a Ninth Circuit case that specifically forbids such practice. So that's why the judge – their opposition, which is in the extract of the record, their opposition – their motion explicitly relied on Rule 12-F, which is not allowed. And so the judge looked at our opposition, probably realized what he initially wanted to do was not allowed. That's why he couched the order in discovery management. That's the background for that. Your Honor also asked where is the authority to apply this discovery rule of California to federal questioning cases. And I would say there's no such authority. And particularly, the rule itself, I believe the Rule 1, made it very clear for all federal questions to claim this has to be governed by federal rules of civil procedure for the uniformity of the application. And about whether there's a discovery, you're absolutely correct. There was no discovery. There was an initial disclosure, and the judge stopped the discovery based on 2019-2010. And then the judge – then we amended our disclosure. Then the judge invited us to file a motion to strike. So there was no discovery on the seven claims. Thank you, Your Honor. Thank you, counsel. Thank you to both sides. Any other questions? No. All right. Thank you to both sides. And with that, this case is submitted and will be moved.
judges: VANDYKE, JOHNSTONE, Christensen